QUIÑONES, PLAINTIFF AND APPELLANT, *v.* VIVONI, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Mayagüez in an action on a promissory note.

No. 1100.—Decided May 22, 1914.

PROMISSORY NOTE—SURETIES—ABANDONMENT OF ACTION—ACTION AGAINST ONE SURETY.—The promissory note in litigation was signed by the debtor and also by two sureties under the following endorsement: "We constitute ourselves sureties and principal debtors jointly and severally for the amount of this obligation * * *." *Held:* That the defendant bound himself not only as surety, but also as principal debtor in said promissory note and that pursuant to section 1111 of the Civil Code the fact that the creditor had brought an action against the direct debtor in the note and then abandoned said action, is no bar to his bringing an action later against the defendant.

ID.—LEVY—RELEASE OF LEVY—ACTION AGAINST ONE SURETY.—The creditor brought an action against the direct debtor in the promissory note and levied on property which, when offered for sale, found no bidders. The creditor and

debtor agreed that the levy should be released and that no claim would be made for damages. *Held:* That this was no bar to the creditor's bringing an action later against one of the sureties and principal debtors, especially as the surety had suffered no injury thereby.

APPEAL—OPINION OF TRIAL JUDGE.—Although the failure of the trial judge to prepare an opinion is no ground for the reversal of the judgment appealed from, it is the duty of judges of district courts to prepare such opinions.

The facts are stated in the opinion.

*Mr. José Benet* for the appellant.

*Mr. José de Diego* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The obligation which gave rise to the suit in this case is a promissory note and reads as follows:

"For value received I promise to pay to the order of Ernesto Quiñones y Zalazar on April 9, 1912, the sum of $336.00, United States currency, authorizing the creditor to bring judicial proceedings in case of default in said payment not only for the said sum but also for interest at one per cent per month from the time of the maturity of the obligation and such costs and attorney's fees as may arise from said judicial proceedings, and for the faithful performance of this obligation I waive the right of domicile and all laws which might exempt me therefrom. San Germán, December 9, 1911.

"We constitute ourselves sureties and principal debtors jointly and severally for the amount of this obligation as well as for the interest which may accrue thereon at the rate agreed on in case of default and for that purpose we bind our present and future properties, and we waive all benefits of excussion and endorsement as well as the right of domicile, authorizing the creditor to grant to the debtor such extensions of time as he may see fit without thereby extinguishing our guaranty, which shall remain in force until the debt is wholly paid. San Germán, December 9, 1911. (Signed) José Antonio Vivoni. (Signed) Aurelio Acosta."

Nothing was paid on this note except a small sum. A judgment was obtained against the debtor, Dionisio Ulises Pabón, for the sum of $390 and an attachment was executed against some personal property of such debtor. The goods seized, after the due advertisement and other proceedings, were ex-

posed for sale at auction and no one appeared to bid on them. Thereupon, at the instance of the complainant, the marshal offered the goods for sale at public auction a second time and again no bidder appeared. The marshal made a return to the Municipal Court of San Germán stating the facts and that he could not execute the writ. In this state of affairs, the creditor, finding that he could not obtain his money in this way, agreed to release the goods provided the debtor would in turn release such creditor from any claim for damages by reason of the suing out of the writ of attachment.

The said creditor, the complainant in the present suit, thereupon began a suit on the promissory note against José Antonio Vivoni alleging that only $50 of the amount claimed had then been paid. The defendant answered admitting the facts of the complaint and the only defense that is material on this appeal is that as a consequence of the release of the attachment before mentioned the debtor disposed of his goods, which had been seized, and that they were the only goods possessed by such debtor. Apparently the Municipal Court of San Germán rendered judgment in favor of the complainant. The defendant appealed and judgment was rendered in the District Court of Mayagüez in favor of such defendant. From the latter judgment the complainant appealed to this court.

The appellant relies on section 1111 of the Civil Code, which is as follows:

"Section 1111.—A creditor may sue any of the joint debtors or all of them simultaneously. The actions instituted against one shall not be an obstacle for those that may be brought subsequently against the others, as long as it does not appear that the debt has been collected in full."

Given the terms of the note by which the defendant here became not only a surety but also a principal debtor, the section quoted seems to be conclusive of the rights of the parties here as against the joint debtors. It can make no differ-

ence under this section that a suit is brough against one and
afterwards abandoned. The only thing that would discharge
the obligation is payment, and, as we have seen, payment was
not made in this case.

The respondent relies on sections 1740 and 1753 of the
Civil Code, which are as follows:

"Section 1740.—By virtue of such payment the surety is subro-
gated in all the rights which the creditor had against the debtor.

"Should the surety have compromised with the creditor, he can-
not demand of the debtor more than that which he has really paid."

   *      *      *      *      *      *      *

"Section 1753.—The sureties, even when they are joint, shall
be released from their obligation whenever by an act of the creditor
they can not be subrogated to the rights, mortgages, and privileges
of the same."

Section 1740 has no application to this case as appears
from a mere reading thereof.

Here, while the creditor released an attachment, yet he
did not put the alleged surety in any worse position than he
would have been if no attachment had ever been levied. The
rights of said surety remained absolutely unimpaired, and
the accident of the debtor's selling the goods immediately
after the release of the attachment, and of the debtor's hav-
ing no other goods, can have no bearing on the legal relation
between the parties. The creditor did no act by which the
alleged surety's right or his obligation was changed or im-
paired. American jurisprudence can be found to similar ef-
fect where it has been held that the surety is not discharged
by the release of an attachment against the property of the
principal, unless the suit and attachment were at the request
of the surety, in which event it has been considered that the
surety will be discharged. 32 Cyc., 220. And we have exam-
ined some of the cases therein cited and they bear out the
text.

In all the cases that may be found where a surety has
been held to be released, some other element, like fraud or

actual change of the security or obligation, has intervened. Nothing of the kind happened in this case. The creditor made an unnecessary and unsuccessful attempt to satisfy his claim against the original debtor and, failing to collect the same, began a suit against one of the other principal debtors in the obligation. At the trial in this case it was not even shown how much the goods were worth. The statement of the debtor that they had been assessed at eight hundred or nine hundred dollars was not satisfactory proof of their value at the time of the sale. Furthermore, the debtor testified that the goods had been sold to a relative and was not made to tell how much he received for such goods. We find nothing in the record, legal or equitable, which should entitle the respondent to withstand this claim. The real reason, however, for the reversal of this judgment is not the consideration of any question of principal and surety, but the fact that the said respondent made himself a principal debtor.

The appellant also complains of error inasmuch as the District Court of Mayagüez wrote no opinion finding the facts. While such failure is no ground for reversal under decisions of this court, yet we think that the district judges owe a duty to the public and to the litigants to follow the directions of the Legislature in this regard. Such finding and opinion are always an aid to this court in determining the essential question involved.

The judgment must be reversed and a judgment rendered in favor of the complainant for the sum of $390 with interest thereon at 1 per cent a month from November 28, 1912, with costs and disbursements, and the judgment so rendered should be returned to the District Court of Mayagüez with instructions to send a certified copy of the same to the Municipal Court of San Germán.

*Reversed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.

In this case a motion for reconsideration was filed on June 2, 1914, and is pending decision.